IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JAMES DAVID WASHINGTON, JR.,

      Petitioner,

V.                                  CIVIL ACTION NO. 3:08-1043

MOUNT OLIVE CORRECTIONAL COMPLEX,

      Respondent.

**<u>FINDINGS AND RECOMMENDATION</u>**

     In May of 1994, following a jury trial in the Circuit Court of Putnam County, petitioner, James David Washington, Jr., was convicted of murder in the first degree. The jury did not recommend mercy, and on July 25, 1996, petitioner was sentenced to life imprisonment without the possibility of parole. A petition for appeal was refused by the West Virginia Supreme Court on November 10, 1997. Washington did not file a petition for writ of certiorari with the United States Supreme Court; however, on July 29, 1998, he filed a petition for writ of habeas corpus in the Circuit Court of Putnam County. Following the filing of the petition counsel was appointed, an amended petition filed, multiple evidentiary hearings were conducted, and by order entered June 29, 2007, the court denied relief and dismissed the petition. A petition for appeal to the Supreme Court of Appeals was refused by that court by order entered January 10, 2008. Washington filed his present petition

for federal habeas relief on August 28, 2008.[1] The matter is presently pending before the Court on respondent's motion to dismiss the petition on the basis that it was untimely filed. Petitioner has filed a response to the motion, respondent has filed a reply and the matter is ripe for disposition.

Though it was otherwise prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), as of the effective date of that act, April 24, 1996, a state prisoner seeking federal habeas relief must, generally, file a petition within one year from the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is, however, tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ... ." 28 U.S.C. § 2244(d)(2).[2] Washington's conviction became final upon expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court following the refusal of his petition for appeal by the West Virginia Supreme Court of Appeals, Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000), i.e., on February 9, 1998, and in the absence of any further proceedings for relief on his part, the one-year statute of limitations would have expired on February 9, 1999.[3] However, the petition for writ of habeas corpus filed in the Circuit Court of

---

[1]The Court has treated the day the petition was signed as the date of filing. See, Houston v. Lack, 487 U.S. 266, 276 (1988).

[2]Tolling encompasses "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)" Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

[3]See, Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying Rule 6(a), Fed. R. Civ. P., "the day of the act, event or default from which the designated period of time begins to run shall not be included," to § 2244(d)(1)). In this case, that day would have been November 11,

2

Putnam County and the subsequent proceedings through the refusal of his appeal by the West

Virginia Supreme Court tolled the running of the statute from July 29, 1998, when he filed the

petition in the circuit court, through January 10, 2008, when the West Virginia Supreme Court of

Appeals refused his petition for appeal.[4]

When the court refused the petition on January 10, 2008, Washington had until July 25, 2008

to file a timely federal habeas petition, and his August 28, 2008 petition was obviously untimely.

Petitioner contends, however, that issuance of a "mandate" by the West Virginia Supreme Court

following its November 10, 1997 decision extends the time for filing a petition for writ of certiorari

in the United States Supreme Court and concomitantly "the time for seeking ... review." 28 U.S.C.

§ 2244(d)(1)(A). In support of this argument he cites a now repealed West Virginia statute, W. Va.

Code 58-5-28. As respondent has pointed out, however, the former statute and a present rule, Rule

25(a), W. Va. R. App. P., contemplate issuance of a mandate only after "entry of judgment," not

when, as in this case, the court "refused" the appeal.[5]

Recognizing that § 2244(d) is a statute of limitations and "subject to equitable tolling," Rouse

v. Lee, supra. at 246, petitioner alleges that he was hospitalized for gallbladder surgery between

April 17, 2008 and May 12, 2008 and that the statute should be tolled during this period. Petitioner

has not proffered medical records to support this allegation. Moreover, hospitalization in April and

---

1997; however, as petitioner points out in his response, November 11, 1997 was a "legal holiday,"
also excluded under Rule 6.

[4]Crawley v. Catoe, 257 F.3d 395, 401 (4th Cir. 2001) (Time for filing a petition for certiorari
with the United States Supreme Court after denial of habeas relief or time such a petition is pending
does not toll the running of the statute of limitations).

[5]See, Rouse v. Lee, 339 F.3d 238, 244 (4th Cir. 2003) (denial of certiorari by Supreme Court
of North Carolina is a refusal to hear appeal, not a judgment).

May of 2008 would not have "prevented him from filing on time," id.[6] and does not present one of those "rare instances" rendering enforcement of the limitation period "unconscionable." Harris v. Hutchinson, supra. at 330. Finally, petitioner seeks application of the "mailbox rule" to the filing of his habeas petition in the Circuit Court of Putnam County. Apart from the fact that the mailbox rule derives from federal, not state, rules of procedure, the 2-day difference involved would have no effect in this case. Insofar as petitioner asserts the "mailbox" rule with respect to his federal petition, the Court has applied the rule and has determined that the date at the bottom of the petition is the applicable date, an earlier date than that contended for by petitioner.

## RECOMMENDATION

It being apparent that the petition filed in this case is barred by the one-year statute of limitations, it is **RESPECTFULLY RECOMMENDED** that respondent's motion to dismiss be granted and that this action be dismissed with prejudice.

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing Section 2254 cases, the parties may, within thirteen days of the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to

---

[6]Tolling the statute during petitioner's hospitalization would not, in any event, render his petition timely.

4

which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to petitioner, the Warden at Mount Olive Correctional Complex and all counsel of record.

DATED:  November 18, 2009


MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE